Conor J. Dale (State Bar No. 274123)
Julie Y. Zong (State Bar No. 309804)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394.9401
E-mail: Conor.Dale@jacksonlewis.com
E-mail: Julie.Zong@jacksonlewis.com

Attorneys for Defendant
REZA MALEK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>MINIMALLY INVASIVE SURGICAL SOLUTIONS MEDICAL CORPORATION; ARASH M. PADIDAR; REZA MALEK; DOES 1-10,<br><br>Defendants. | Case No.: 5:20-cv-03899-NC<br><br>**DEFENDANT REZA MALEK'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: March 12, 2020<br>Trial Date: None Set |

Defendant Reza Malek ("Defendant") hereby answers Plaintiff Elizabeth Fernandez's ("Plaintiff") Complaint for Damages ("Complaint") as follows:

**JURISDICTION AND VENUE**

As to the allegations in the first not numbered paragraph, these allegations appear solely to contain legal conclusions not requiring a response from Defendant. To the extent these allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on that basis deny them.

**FACTUAL ALLEGATIONS**

1. In answering paragraph 1 of the Complaint, Defendant admits Plaintiff is an

1

individual. Regarding the remaining allegations in this paragraph, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 1, and on this basis deny them.

2. In answering paragraph 2 of the Complaint, Defendant admits to residing in San Mateo County, California. Defendant denies being a principal or controlling stockholder in Defendant Minimally Invasive Surgical Solutions Medical Corporation ("MISSMC"). Defendant admits that, upon information and belief, MISSMC is a California Corporation. Except as so admitted, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 2, and on this basis deny them.

3. In answering paragraph 3 of the Complaint, Defendant denies each and every factual allegation.

4. In answering paragraph 4 of the Complaint, Defendant denies ratifying any unlawful conduct. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny them, and on this basis denies them and/or the remaining allegations appear to contain legal conclusions not requiring a response from Defendant, and on that basis, Defendant denies them.

5. In answering paragraph 5 of the Complaint, Defendant states that he does not have sufficient information to admit or deny the factual allegations, and on this basis deny them.

6. In answering paragraph 6 of the Complaint, these allegations appear to solely contain legal conclusions not requiring a response from Defendant. To the extent the allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in this paragraph, and on this basis deny them.

7. In answering paragraph 7 of the Complaint, Defendant denies Defendant is an officer or director of MISSMC, has a significant ownership stake in MISSMC, controls MISSMC financially, or MISSMC profits inure directly to Defendant. Except as so admitted, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 7, and on this basis deny them.

//

## SUBSTANTIVE ALLEGATIONS

8. In answering paragraph 8 of the Complaint, Defendant admits that Plaintiff previously worked for MISSMC. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 8, and on this basis deny them.

9. In answering paragraph 9 of the Complaint, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 9, on this basis deny them.

## FIRST CAUSE OF ACTION

(Violation of Fair Labor Standards Act – Overtime Compensation as to All Defendants)

10. Defendant incorporates its responses to Paragraphs 1 to 9 above as if fully set forth herein.

11. In answering paragraph 11 of the Complaint, these allegations appear to solely contain legal conclusions not requiring a response from Defendant. To the extent the allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on this basis deny them.

12. In answering paragraph 12 of the Complaint, these allegations appear to solely contain legal conclusions not requiring a response from Defendant. To the extent the allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on this basis deny them.

13. In answering paragraph 13 of the Complaint, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 13, on this basis deny them.

14. In answering paragraph 14 of the Complaint, Defendant denies violating the FLSA. Defendant denies ratifying any unlawful conduct. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 14, and on this basis deny them.

15. In answering paragraph 15 of the Complaint, Defendant denies violating the FLSA.

Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 15, and on this basis deny them.

16. In answering paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. In answering paragraph 17 of the Complaint, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 17, on this basis deny them.

## SECOND CAUSE OF ACTION

(Violation of California Labor Code Section 510 – Nonpayment of Overtime as to All Defendants)

18. Defendant incorporates its responses to Paragraphs 1 to 17 above as if fully set forth herein.

19. In answering paragraph 19 of the Complaint, these allegations appear to solely contain legal conclusions not requiring a response from Defendant. To the extent the allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on this basis deny them.

20. In answering paragraph 20 of the Complaint, Defendant denies violating California Labor Code section 510. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 20, on this basis deny them.

21. In answering paragraph 21 of the Complaint, Defendant denies violating California Labor Code section 510. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 21, on this basis deny them.

22. In answering paragraph 22 of the Complaint, Defendant denies violating California Labor Code section 510. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 22, on this basis deny them.

23. In answering paragraph 23 of the Complaint, Defendant denies violating California Labor Code section 510 and Wage Orders. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 23, on this basis deny them.

24. In answering paragraph 24 of the Complaint, Defendant denies violating California Labor Code section 510 and Wage Orders. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 24, on this basis deny them.

25. In answering paragraph 25 of the Complaint, Defendant denies violating California Labor Code section 510 and Wage Orders. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 25, and on this basis deny them.

### THIRD CAUSE OF ACTION

(Meal and Rest Breaks – as to All Defendants)

26. Defendant incorporates its responses to Paragraphs 1 to 25 above as if fully set forth herein.

27. As to the allegations in paragraph 27, these allegations appear to solely contain legal conclusions not requiring a response from Defendant. To the extent the allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on this basis deny them.

28. In answering paragraph 28 of the Complaint, Defendant denies violating Labor Code section 226.7. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 28, and on this basis deny them.

29. In answering paragraph 29 of the Complaint, Defendant denies violating Labor Code section 226. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 29, and on this basis deny them.

30. In answering paragraph 30 of the Complaint, Defendant denies violating the California Labor Code and Wage Orders. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 30, and on this basis deny them.

31. In answering paragraph 31 of the Complaint, Defendant denies violating Labor Code section 226.7 and Wage Orders. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 31, and on this basis deny them.

## FOURTH CAUSE OF ACTION

(Failure to Provide Itemized Wage Statements – as to All Defendants)

32. Defendant incorporates its responses to Paragraphs 1 to 31 above as if fully set forth herein.

33. In answering paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. In answering paragraph 34 of the Complaint, Defendant denies failing to provide itemized wage statements pursuant to California Labor Code section 226(a). Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 34, and on that basis deny them.

35. In answering paragraph 35 of the Complaint, Defendant denies failing to provide itemized wage statements pursuant to California Labor Code section 226(a). Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 35, and on that basis deny them.

## FIFTH CAUSE OF ACTION

(Failure to Pay Wages Upon Separation of Employment as to All Defendants)

36. Defendant incorporates its responses to Paragraphs 1 to 35 above as if fully set forth herein.

37. In answering paragraph 37 of the Complaint, these allegations appear to solely contain legal conclusions not requiring a response from Defendant. To the extent the allegations in

this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on that basis deny them.

38. In answering paragraph 38 of the Complaint, Defendant denies violating Labor Code section 201. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 38, and on that basis deny them.

39. In answering paragraph 39 of the Complaint, Defendant denies violating Labor Code section 201. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 39, and on that basis deny them.

40. In answering paragraph 40 of the Complaint, Defendant denies violating Labor Code section 201. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 40, and on that basis deny them.

41. In answering paragraph 41 of the Complaint, Defendant denies violating Labor Code section 201. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 38, and on that basis deny them.

42. In answering paragraph 42 of the Complaint, Defendant denies violating Labor Code section 201. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 38, and on that basis deny them.

### SIXTH CAUSE OF ACTION

(For Restitution of Unpaid Overtime Wages In Violation of California's Unfair Trade Practices Act Business and Profession Code Section 17200, *et seq.*, as to All Defendants)

43. Defendant incorporates its responses to Paragraphs 1 to 42 above as if fully set forth herein.

44. In answering paragraph 44 of the Complaint, these allegations appear to solely

contain legal conclusions not requiring a response from Defendant. To the extent the allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on that basis deny them.

45. In answering paragraph 45 of the Complaint, Defendant denies failing to pay wages to Plaintiff. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 45, and on this basis deny them.

46. In answering paragraph 46 of the Complaint, Defendant denies failing to pay wages to Plaintiff. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 46, and on this basis deny them.

47. In answering paragraph 46 of the Complaint, Defendant denies failing to pay wages to Plaintiff. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 47, and on this basis deny them.

48. In answering paragraph 48 of the Complaint, Defendant denies failing to pay wages to Plaintiff. Except as admitted or denied in the foregoing, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 48, and on this basis deny them.

## SEVENTH CAUSE OF ACTION

(Retaliation in Violation of California Labor Code section 110.25 All Defendants)

49. Defendant incorporates its responses to Paragraphs 1 to 48 above as if fully set forth herein.

50. In answering paragraph 50 of the Complaint, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 50, and on this basis deny them.

51.  In answering paragraph 51 of the Complaint, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 51, and on this basis deny them.

52.  In answering paragraph 52 of the Complaint, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 52, and on this basis deny them.

53.  In answering paragraph 53 of the Complaint, Defendant states that this allegation is not directed at Defendant, but other defendants named within the lawsuit. Subject to and notwithstanding the foregoing, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 53, and on this basis deny them.

54.  In answering paragraph 54 of the Complaint, Defendant states that this allegation is not directed at Defendant, but other defendants named within the lawsuit. Subject to and notwithstanding the foregoing, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 54, and on this basis deny them.

55.  In answering paragraph 55 of the Complaint, Defendant states that this allegation is not directed at Defendant, but other defendants named within the lawsuit. Subject to and notwithstanding the foregoing, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 55, and on this basis deny them.

56.  In answering paragraph 55 of the Complaint, Defendant states that this allegation is not directed at Defendant, but other defendants named within the lawsuit. Subject to and notwithstanding the foregoing, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 56, and on this basis deny them.

## EIGHTH CAUSE OF ACTION

(Discrimination, Harassment, and Retaliation Based Upon Medical Condition in Violation of Govt. Code § 12940 All Defendants)

57.  Defendant incorporates its responses to Paragraphs 1 to 56 above as if fully set forth herein.

58. In answering paragraph 58 of the Complaint, Defendant denies that he terminated, harassed, discriminated or retaliated against Plaintiff. Except for the foregoing, Defendant lacks sufficient information to admit or deny the factual allegations contained in paragraph 58, and on this basis deny them.

59. In answering paragraph 59 of the Complaint, Defendant denies that he terminated, harassed, discriminated or retaliated against Plaintiff. Defendant lacks sufficient information to admit or deny the factual allegations contained in paragraph 59, and on this basis deny them.

60. In answering paragraph 60 of the Complaint, Defendant denies that he terminated, harassed, discriminated or retaliated against Plaintiff. Defendant lacks sufficient information to admit or deny the factual allegations contained in paragraph 60, and on this basis deny them.

61. In answering paragraph 61 of the Complaint, Defendant denies that he terminated, harassed, discriminated or retaliated against Plaintiff. Defendant lacks sufficient information to admit or deny the factual allegations contained in paragraph 61, and on this basis deny them.

62. In answering paragraph 62 of the Complaint, Defendant denies that he terminated, harassed, discriminated or retaliated against Plaintiff. Defendant lacks sufficient information to admit or deny the factual allegations contained in paragraph 62, and on this basis deny them.

63. In answering paragraph 63 of the Complaint, Defendant denies that he terminated, harassed, discriminated or retaliated against Plaintiff. Defendant lacks sufficient information to admit or deny the factual allegations contained in paragraph 63, and on this basis deny them.

64. In answering paragraph 64 of the Complaint, Defendant does not have sufficient information to admit or deny the factual allegations contained in paragraph 64, and on this basis deny them.

## NINTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress Arash M. Padidar)

65. Defendant incorporates its responses to Paragraphs 1 to 64 above as if fully set forth herein.

66. In answering paragraph 66 of the Complaint, Defendant states that this allegation is not directed at Defendant, but another defendant named within the lawsuit. Subject to and

notwithstanding the foregoing, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 66, and on this basis deny them.

67. In answering paragraph 67 of the Complaint, Defendant states that this allegation is not directed at Defendant, but another defendant named within the lawsuit. Subject to and notwithstanding the foregoing, Defendant does not have sufficient information to admit or deny the remaining factual allegations contained in paragraph 67, and on this basis deny them.

## TENTH CAUSE OF ACTION

(PAGA, California Labor Code Section 2698, *et seq.* Against All Defendants)

68. Defendant incorporates its responses to Paragraphs 1 to 67 above as if fully set forth herein.

69. In answering paragraph 69 of the Complaint, these allegations appear to solely contain legal conclusions not requiring a response from Defendant. To the extent the allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on this basis deny them.

70. In answering paragraph 70 of the Complaint, these allegations appear to solely contain legal conclusions not requiring a response from Defendant. To the extent the allegations in this paragraph contain factual allegations, Defendant does not have sufficient information to admit or deny the factual allegations contained in this paragraph, and on this basis deny them.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which monetary, equitable, or injunctive relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

Plaintiff's Complaint is barred in whole or in part to the extent Plaintiff failed to properly

exhaust his administrative remedies before filing civil claims for violation of California's Fair Employment and Housing Act (Cal. Gov. Code § 12900 *et seq.*)

### THIRD AFFIRMATIVE DEFENSE
(Avoidable Consequences)

Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, because Defendant exercised reasonable care to prevent and correct discriminatory and/or harassing behavior based on race, religion, and national origin or any other protected status. Plaintiff unreasonably failed to complain of any alleged unlawful conduct or to take advantage of the well-known preventative or corrective opportunities made available by Defendant and/or otherwise avoid harm and is, accordingly, barred from recovering any damages under the avoidable consequences doctrine. *State Dept. of Health Services v. Sup. Ct. of Sacramento Cnty (McGinnis)* 31 Cal. 4th 1026 (2003); *Faragher v. City of Boca Raton*, 524 U.S. 775, 805 (1998).

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### FIFTH AFFIRMATIVE DEFENSE
(Privileged Conduct)

Defendant is informed and believes, and thereon alleges, that Defendant was not Plaintiff's employer, manager, or supervisor. Nonetheless, to the extent that Defendant was Plaintiff's employer, manager, or supervisor the Complaint, and each purported cause of action alleged therein, is barred in whole or in part because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment were privileged and justified, made without malice and taken with good cause.

### SIXTH AFFIRMATIVE DEFENSE

(Management Discretion)

Defendant is informed and believes, and thereon alleges, that Defendant was not Plaintiff's employer, manager, or supervisor. Nonetheless, to the extent that Defendant was Plaintiff's employer, manager, or supervisor, the Complaint as a whole, and each and every purported cause of action alleged therein, is barred because Defendant's actions were a just and proper exercise of management discretion, were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and were based on legitimate non-discriminatory and non-retaliatory business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint is barred because Plaintiff comes to this Court with unclean hands. Plaintiff never reported harassment to Defendant throughout her employment.

### EIGHTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

To the extent discovery may disclose a factual basis for such defense, Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including, but not limited to California Government Code § 12960, 29 U.S.C. § 255, and 42 U.S.C. 2000e-5(e).

### EIGHTH AFFIRMATIVE DEFENSE

(Good Faith)

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 260, as Defendants were at all times acting in good faith and had reasonable grounds for believing that their actions were not in violation of the Fair Labor Standards Act.

### NINTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

DEFENDANT REZA MALEK'S ANSWER
TO PLAINTIFF'S COMPLAINT

Case No. 5:20-cv-03899-NC

Defendant asserts that Plaintiff's Complaint, including the damages prayed for therein, are barred and/or limited by the doctrine of "after-acquired evidence."

### NINTH AFFIRMATIVE DEFENSE

(Punitive Damages)

Defendant asserts that each and all of Plaintiff's causes of action fail to state facts sufficient to support an award of punitive damages against Defendant.

### TENTH AFFIRMATIVE DEFENSE

(Emotional Distress)

To the extent Plaintiff claims any acts of Defendant caused him emotional distress, the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is under the California Workers' Compensation Act, California Labor Code § 3600 *et seq.*

### ELEVENTH AFFIRMATIVE DEFENSE

(No Irreparable Harm)

Plaintiff's claims for declaratory or other equitable relief, are barred in the light of the fact that Plaintiff has not suffered and will not suffer irreparable harm due to any alleged conduct by Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

Plaintiff's allegations in the Complaint fail to state facts sufficient to support an award of punitive damages against Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Penalties Unjust, Arbitrary, or Confiscatory)

Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, and confiscatory.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Excessive Fines)

To the extent Plaintiff seeks to recover liquidated damages or any penalties that are disproportionate to the actual harm suffered, if any, such an award under the circumstances of this case would constitute and excessive fine and would otherwise be in violation of Defendants' due process and other rights under the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Knowing and Intentional Failure)

Defendant alleges that, even assuming *arguendo* that Plaintiff or the putative class members were not provided with a proper itemized statement of wages and deductions, recovery of damages is not permissible because Defendant's alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California Labor Code Section 226(e).

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Employee – Employer Relationship)

Defendant was not an "employer" of Plaintiff and/or any members of the putative collective or classes under any applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;

2. That the complaint and each cause of action be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the complaint;

4. For costs of suit incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

Dated: August 4, 2020

JACKSON LEWIS P.C.

By: */s/Conor J. Dale*
Conor J. Dale
Julie Y. Zong
Attorneys for Defendant
REZA MALEK

4839-5884-6661, v. 2

16

DEFENDANT REZA MALEK'S ANSWER
TO PLAINTIFF'S COMPLAINT

Case No. 5:20-cv-03899-NC